## Mary J. Lindley *vs.* George W. Horton.

A declaration averred that the plaintiff was the teacher of a district school, and that, in reply to inquiries made by the school visitors of the society, she had made a statement to them with regard to the fuel furnished for the school by the district, and that the school visitors, in their annual report to the school society of the condition of the schools, had stated the facts with regard to the school kept by her, and that the defendant, knowing the premises, with intent to defame her, falsely and maliciously wrote and published concerning her and with reference to the report of the school visitors, the following words: "The statement regarding the fuel is false, and had the committee inquired of any one (except the teacher) acquainted with the facts, they would have learned that seasoned wood prepared for the stove lay

within twenty feet of the school-house at the time the teacher left; and they would also have learned that the fault was not in the district, but merely in the teacher's will." Held, in overruling a motion in arrest of judgment for the insufficiency of the declaration, that the words charged the plaintiff both with having made a willful, false statement in a matter in which it was her duty to have given correct information, and with general untruthfulness; and that in both respects the publication was libelous.

ACTION for a libel. The declaration alleged that the plaintiff, at the time of and previous to the publication, was a teacher of a district school in the town of Danbury; that the school visitors of the school society, when visiting the school kept by her, had made sundry inquiries with regard to the school, and that she, in reply to these inquiries, had made a statement to them, among other things, with regard to the fuel furnished for the school by the district; and that the school visitors, in making their annual report of the condition of the schools to the society, had stated the condition of the school kept by her; and that, with reference to this report, and with intent to defame the plaintiff, the defendant, well knowing the premises, had published concerning her, in a newspaper of that town, the libelous matter charged, which was set forth in the declaration as follows :

" The statement regarding the fuel is false, and had the committee " (meaning the visiting committee) " inquired of any one except the teacher " (meaning the plaintiff,) " acquainted with the facts, they would have learned that seasoned wood prepared for the stove lay within twenty feet of the school-house at the time the teacher left; and they would also have learned that the fault was not in the district, but merely in the teacher's " (meaning the plaintiff) " will:" (meaning that the statement made by the plaintiff, as aforesaid, to the said school visitors regarding the said fuel, was false, and known so to be false by the plaintiff at the time when she made such statement, and that she willfully told the said school visitors an untruth regarding the same, from a perverseness of will and stubbornness of disposition.)

Upon the trial to the jury, the defendant requested the court to instruct the jury that the matter set out in the dec-

laration was not upon its face libelous, and that, although the plaintiff had proved the allegations of her declaration, their verdict must be for the defendant. The court declined to give the instruction requested. The jury having returned a verdict for the plaintiff, the defendant moved for a new trial and in arrest of judgment, both which motions were reserved for the advice of this court.

*Belden* and *White*, in support of the motions, contended, that the words set out in the declaration were not libelous in themselves, and could be made so only by extrinsic matter to be particularly averred, giving them, in their application to such matter, a meaning that they would otherwise not possess; and that the averments with regard to the communication to the school visitors and the report of the latter, were not sufficient for this purpose; that it should have been averred what this communication was, and especially that it was known to the defendant at the time of the publication of the alleged libel; and that the defect of these averments was not aided by the innuendos, which could only explain the application of the words to the matter previously alleged and could not supply the want of such allegations, nor by the verdict, which could only aid averments defective in form, and not those that were defective in substance; and that the court should have charged the jury that the words were not libelous in themselves, and that the plaintiff could not, on proof of all her allegations, recover; citing 1 Chitty Pl., (7th Am. Ed.,) 429, 436; *Bloss* v. *Toby*, 2 Pick., 320; *Commonwealth* v. *Child*, 13 id., 198; and *Stone* v. *Cooper*, 2 Denio, 293.

*Averill* and *Taylor*, contra, were stopped by the court.

HINMAN, J. There is a motion in arrest, and also a motion for a new trial in this case; but we do not understand that the charge of the court is complained of, except in respect to the omission of the court to charge the jury as requested by the defendant, that the article, the publication

of which was complained of, was not upon its face libelous, and that although the jury should find that the plaintiff had sustained all the allegations in her declaration, still their verdict must be for the defendant.    As this is in substance the same question which arises upon the motion in arrest, no further notice need be taken of the motion for a new trial.

Ought then the judgment to be arrested on the ground that the publication complained of is not upon its face libelous? The court gave to the jury the correct definition of a libel. It is a false and malicious writing, published of another, which renders him contemptible or ridiculous in public estimation, or exposes him to public hatred or contempt, or hinders virtuous men from associating with him.    As applicable to the publication in question this was as full a definition as was called for, and it follows from it that to publish of another that he is a swindler or a liar is libelous, although the same words if spoken merely would not of themselves be actionable.    *J'Anson* v. *Stewart*, 1 T. R., 748.    If therefore the publication charges the plaintiff with being a liar, it is undoubtedly a libel.    We think it does so charge her, not only in respect to her having given false information to the committee as to the conduct of the district in the matter of furnishing wood for the use of the school, but with being an unreliable and untruthful person generally.

The declaration, by way of inducement, avers that visitors of the school had made a report in respect to its condition, that the plaintiff was the teacher, and had made a statement regarding the fuel provided for her use, and that the defendant knew what this statement was.    Now when the defendant publishes in respect to this report that it is false, and that had the visitors inquired of any one acquainted with the subject except the teacher they would have learned that the fault was not in the district but in the teacher's will, it seems necessarily to follow, if it be assumed that the publication is true, that the teacher, though acquainted with the subject, was not willing, in consequence of a perverse will, to give correct information to the visitors, but had in point of fact given them false information.    The committee obtained information

somewhere, from which they made the report. The article says it is false, and that, if the information had been obtained of any one but the teacher, it would have been correct. This is the substance of it, and what is it but a charge against her of giving false information in respect to a matter about which it was her duty to give correctly all the information in her power, and of giving this false information in consequence of a perverse will. Is this any thing but a charge of willful lying in an official matter, (that is, to official persons, whose duty it was to inquire into the matter,) and of doing it willfully? And when she is thus charged with actual falsehood, in respect to a matter upon which it appears that she possessed all the information that could be required or that any other person could be supposed to possess, the publication goes on to say that correct information could have been obtained of any other person in the district. The inference from this is irresistible, that correct information could not be obtained from her in consequence of her willful disposition to give false information. Is not the giving of instances of willful untruthfulness, as a reason why a particular person cannot be depended upon, a charge of general untruthfulness, of being a liar? We think it is. There was therefore in our opinion no error in the ruling of the superior court, and the judgment ought not to be arrested or a new trial granted; and so we advise the superior court.

In this opinion the other judges concurred.

Motion in arrest to be overruled.

New trial not to be granted.